FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MAR 10 2006
DAVID J. MALAND, CLERK
BY
DEPUTY ______

IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WIRENIX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 4:06 cv 109 |
| v. | ) | JURY |
| | ) | |
| 1. ERICSSON, INC.; 2. ERICSSON RADIO SYSTEMS AB; 3. CINGULAR WIRELESS, LLC.; 4. HUGHES NETWORK SYSTEMS; LLC.; AND 5. DTV NETWORK SYSTEMS, INC. | ) | HONORABLE JUDGE Schell |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES Plaintiff, Wirenix, Inc. ("Plaintiff"), through its attorneys, and for its Complaint against Ericsson, Inc.; Ericsson Radio Systems AB; Cingular Wireless, L.L.C.; Hughes Network Systems, L.L.C.; and DTV Network Systems, Inc. (collectively referred to herein as "Defendants") states as follows:

**Jurisdiction and Venue**

1. This is an action for patent infringement pursuant to the laws as set forth in Title 35 of the United States Code, and particularly, 28 U.S.C. §§1331 and 1338(a). Venue is proper in this judicial district under 28 U.S.C. §§§1391(b), (c), and 1400(b).

**Parties**

2. Plaintiff is a minority corporation organized under the laws of Delaware with its principal place of business at P.O. Box 040652, Plano, Collin County, Texas 75095-0652.

3. On information and belief, Defendant Ericsson, Inc. (referred to herein as "Ericsson Inc.") has its principal place of business at 6300 Legacy Drive, Plano, Collin County, Texas 75024, and does business within this district. Defendant Ericsson Inc. may be served with process by and through its registered agent as follows: Capitol Corporate Services, Inc., 800 Brazos, Ste. 1100, Austin, Texas 78701.

4. On information and belief, Defendant Ericsson Radio Systems AB (referred to herein as "Ericsson Radio") has its principal place of business at Torhamnsgatan 23, 164 80 Stockholm, Sweden, and does business within this district.

5. On information and belief, Defendant Cingular Wireless, LLC (herein referred to as "Cingular") has its principal place of business at 5565 Glenridge Connector, Atlanta, Georgia 30342, and does business within this district. Defendant Cingular may be served with process by and through its registered agent as follows: Corporation Service Company, 701 Brazos Street, Ste. 1050, Austin, Texas 78701.

6. On information and belief, Defendant Hughes Network Systems, LLC (referred to herein as "Hughes Network") has its principal place of business at 11717 Exploration Lane, Germantown, Maryland 20876, and does business within this district. Defendant Hughes Network may be served with process by and through its registered agent as follows: CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

7. Defendant DTV Network Systems, Inc. (referred to herein as "DTV Network"), formerly named Hughes Network Systems, Inc., has its principal place of business at 2250 E. Imperial Hwy P.O. Box 956 RE-R11-A126, El Segundo, California 90245-0956, and does

business within this district. Defendant DTV Network may be served with process by and through its registered agent as follows: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701-8511.

## Background

8. Plaintiff developed the method and system for an interactive voice response system (referred to herein as "IVR") to be used in the communications industry. This invention provides improvements in existing technology in that it improves reliability through redundancy techniques and provides expanded capabilities beyond conventional interactive voice response systems.

9. Plaintiff has filed an application for a United States Patent on the IVR with the United State Patent and Trademark Office, which has been and assigned Serial No. 11/252,837. Plaintiff has standing to bring this action.

10. Plaintiff and Defendant Ericsson Inc. and Defendant Ericsson Radio (jointly referred to herein as "Ericsson Defendants") have entered into various agreements to work together on advanced voice and data services that operate independently of underlying networks and have applications that allow the user to (1) access, retrieve and make calls using voice commands; (2) hear and edit their schedule using voice commands; (3) obtain addresses, driving directions and phone numbers by speaking the name of the desired information and hearing the result; and (4) access voice mail, fax, and email (collectively referred to herein as the "Applications"). The various agreements entered into between Plaintiff and Defendant Ericsson Inc. include, but are not limited to, the Ericsson Parlay/OSA Business Frame Contract between Wirenix, Inc. and Ericsson Radio Systems, AB dated August 9, 2001 (referred to herein as "Parlay Contract"),

which is incorporated by reference herein as if fully set out for all purposes, the Non-Disclosure Agreement Between Ericsson Inc. and Wirenix, Inc. dated October 13, 2003 executed October 15, 2003 (referred to herein as "Non-Disclosure Agreement"), which is incorporated by reference herein as if fully set out for all purposes, and the General OEM Purchasing Agreement between Wirenix, Inc. and Ericsson Inc. dated January 14, 2004 (referred to herein as "Purchasing Agreement"), which is incorporated by reference herein as if fully set out for all purposes (collectively referred to herein as "Agreements").

11. In July 2001, AT&T Labs announced in a press release that Plaintiff, Defendant Ericsson Inc. and a third party had successfully completed a trial of advance voice and data services, which demonstrated that Plaintiff's Applications could operate across different networks in a multi-vendor environment.

12. In March 2002, Plaintiff and Defendant Ericsson Inc. jointly marketed a proposal to Cingular Wireless for a fully integrated Voice Portal in response to a request for proposal by Cingular. Plaintiff was the Ericsson Defendants' "Strategic Parlay Partner" and its "selected provider" of speech-enable solutions integrated into an Ericsson Jambala platform. Plaintiff was to be responsible for coordinating customer activities with Defendant Ericsson Inc. installing, configuring, and testing the core platform, and providing support.

13. On July 31, 2003, Defendant Ericsson Inc. placed a purchase order with Plaintiff for an IVR but shortly thereafter ceased working in a cooperative manner with Plaintiff on the Cingular Wireless Pre-Paid Project (the "Cingular Project").

14. In October 2003, an employee of Defendant Ericsson Inc. acknowledged a breach of the Agreements in that copies of Plaintiff's documents containing IP System Requirements for the IVR used in the Cingular Project (the "IP System Requirements") appeared with the Ericsson logo in place of Plaintiff's logos, and such documents were presented as Ericsson documents. Plaintiff's IP System Requirements were disclosed to other companies which are direct competitors of Plaintiff, including without limitation InterVoice, Inc. (referred to herein as "InterVoice") and Comverse Network Systems, Inc. (referred to herein as "Comverse"), in requests for bids for the purpose of soliciting competitive bids on various projects.

15. In addition, Defendant Ericsson Inc. disclosed Plaintiff's IP System Requirements and Plaintiff's patented material and proprietary and confidential information to Defendant Hughes Network in an attempt to complete the Cingular project without Plaintiff. Furthermore, Defendant Ericsson Inc. developed an integrated voice response system wrongfully using Plaintiff's protected technology in an effort to circumvent Plaintiff while using Plaintiff's protected technology on the Cingular project.

16. By the spring of 2004, an employee of Defendant Ericsson Inc. had advised at least one third party to avoid doing business with Plaintiff and excluded Plaintiff from a proposal submitted to Chile Telecom.

17. Employees of Defendant Ericsson Inc. have denigrated Plaintiff to industry participants and have spread the word that Defendant Ericsson Inc. would not do business with companies that hire Plaintiff, thereby destroying Plaintiff's opportunities of developing other customers.

**COUNT I**
**Wrongful Use and Disclosure**
**of Intellectual Property Rights and Patents**

18. The allegations in paragraphs 2-17 above, are incorporated herein by reference.

19. Plaintiff developed the Applications, IP Systems Requirements and the IVR, and treated this property as confidential. Provisions were included in the Agreements for the Ericsson Defendants to also treat the property in a confidential manner.

20. In October 2003, an employee of the Ericsson Defendants acknowledged a breach of the Agreements in that copies of Plaintiff's documents containing IP System Requirements for the IVR used in the Cingular Project (the "IP System Requirements") appeared with the Ericsson logo in place of Plaintiff's logos, and such documents were presented as Ericsson documents. Plaintiff's IP System Requirements were disclosed to other companies which are direct competitors of Plaintiff, including without limitation InterVoice and Comverse, in requests for bids for the purpose of soliciting competitive bids on various projects.

21. Furthermore, the Ericsson Defendants wrongfully disclosed Plaintiff's IP System Requirements, patented material, and proprietary and confidential information to Defendant Hughes Network in an attempt to complete the Cingular Project without Plaintiff. In addition, the Ericsson Defendants developed an interactive voice response system wrongfully using Plaintiff's technology in an effort to replace Plaintiff on the Cingular Project.

22. As a result of the Ericsson Defendants' wrongful use and disclosure of Plaintiff's intellectual property rights, Plaintiff has sustained financial harm and has lost the benefits expected to be received from the Agreements if the Ericsson Defendants had performed as promised. In particular, Plaintiff lost profits it would have earned from continuing to jointly

market its IP System to Cingular and other wireless providers in the amount of $37.095 million. Furthermore, Plaintiff lost business value that it would have attained under the same circumstances in the amount of $31.156 million.

## COUNT II
## Breach of Agreements

23. The allegations in paragraphs 2-17, and 19-22 above, are incorporated herein by reference.

24. All conditions precedent to the Agreements have been performed or have occurred. Plaintiff has fully performed its obligations under the Agreements. In particular, Plaintiff has provided various software and hardware for use in the Cingular Prepaid Project and various engineering services in connection with such project. In addition, Plaintiff has provided information for use in the Cingular "Ring Tone" project proposal.

25. The Ericsson Defendants breached the Agreements when it disclosed Plaintiff's IP System Requirements to Defendant Hughes Network, Comverse, InterVoice, and other third parties.

26. The Ericsson Defendants breached the Agreements when it disclosed Plaintiff's patented material and proprietary and confidential information to Defendant Hughes Network, Comverse, InterVoice, and other third parties.

27. The Ericsson Defendants breached the Agreements when it removed Plaintiff from the Cingular Project and the Cingular "Ring Tone" project.

28. As a result of the Ericsson Defendants' breach of the Agreements as set out in the preceding paragraphs, Plaintiff has sustained financial harm and has lost the benefits expected to

be received from the Agreements if the Ericsson Defendants had performed as promised. In particular, Plaintiff lost profits it would have earned from continuing to jointly market its IVR to Cingular and other wireless providers in the amount of $37.095 million. Furthermore, Plaintiff lost business value that it would have attained under the same circumstances in the amount of $31.156 million.

**COUNT III**
**Patent Infringement**

29. The allegations in paragraphs 2-17, 19-22, and 24-28 above, are incorporated herein by reference.

30. The Ericsson Defendants have infringed, and still are infringing, Plaintiff's IVR patent by making, using, offering for sale, or selling certain products and/or services, including the IVR. Furthermore, the Ericsson Defendants have infringed, and still is infringing Plaintiff's IVR patent by disclosing Plaintiff's IP System Requirements to Defendant Hughes Network, InterVoice, Comverse, and others which use such information, along with Cingular in providing services to Cingular's customers. The Ericsson Defendants have engaged in these activities within this District and elsewhere within the United States, without the consent of Plaintiff, and will continue to do so unless enjoined by this Court.

31. Plaintiff has provided actual notice of the IVR patent and the Ericsson Defendants' infringement thereof to the Ericsson Defendants.

32. Upon information and belief, the Ericsson Defendants' infringement of the IVR patent has been willful and wanton.

33. The Ericsson Defendants' infringement of the IVR patent has irreparably damaged Plaintiff, and will cause added injury and loss unless enjoined by this Court.

34. As a result of the Ericsson Defendants' infringement, Plaintiff has sustained financial harm and has lost the benefits expected to be received from the Agreements if the Ericsson Defendants had performed as promised. In particular, Plaintiff lost profits it would have earned from continuing to jointly market its IP System to Cingular and other wireless providers in the amount of $37.095 million. Furthermore, Plaintiff lost business value that it would have attained under the same circumstances in the amount of $31.156 million.

**COUNT IV**
**Tortious Interference with a Business Relationship**

35. The allegations in paragraphs 2-17, 19-22, 24-28, and 30-34 above, are incorporated herein by reference.

36. Beginning in August 2003 and continuing since that time, the Ericsson Defendants. have interfered with Plaintiff's opportunities to enter in business relationships with third parties and market its technologies and systems to third parties. There was a reasonable probability that Plaintiff would have entered into business relationships and contracts with third parties; however, the Ericsson Defendants made false and defamatory statements to third parties which resulted in actual harm and damage to Plaintiff. These acts of interference by the Ericsson Defendants have proximately caused the loss of prospective contracts to Plaintiff.

37. Furthermore, beginning in August 2003 and continuing since that time, two employees of the Ericsson Defendants interfered with Plaintiff's opportunities to enter in additional joint business relationships with the Ericsson Defendants and third parties by

knowingly making false, defamatory representations about Plaintiff in order to prevent Plaintiff from having the opportunity to provide technologies and services on such projects, including using the IVR in a Canadian project with Rogers and Net4Call, a Chilean project with Chile Telecom, the Cingular "Ring Tone" project and other projects, in order to deprive Plaintiff of the benefits of the Agreements. There was a reasonable probability that Plaintiff would have entered into business relationships and contracts jointly with the Ericsson Defendants and third parties; however, the Ericsson Defendants made false and defamatory statements to its employees working on such projects which resulted in actual harm and damage to Plaintiff. These acts of interference by the Ericsson Defendants have proximately caused the loss of prospective contracts to Plaintiff.

38. Plaintiff alleges that each and every one of the representations made by the Ericsson Defendants concerned material facts. Each and every one of the representations was relied on by Plaintiff to Plaintiff's substantial injury and damage as described more fully below.

39. The reasonable profits that Plaintiff would have received in providing technologies, systems, information and services to third parties exceeds the minimum jurisdictional amounts of this court.

40. The reasonable profits that Plaintiff would have received in providing technologies, systems, information and services to the Ericsson Defendants exceeds the minimum jurisdictional amounts of this court.

41. Plaintiff will also show that the Ericsson Defendants acted with malicious intent for the reason that the Ericsson Defendants acted out of spite and ill will toward Plaintiff and for the sole purpose of causing economic injury to Plaintiff.

**COUNT V**

**Request for Preliminary and Permanent Injunction**

42. Plaintiff is the owner of property and rights threatened with irreparable injury by the conduct of the Defendants. In particular, Plaintiff is and has been the owner of the IVR patent, the IP System Requirements, and all related intellectual property, technologies, software and hardware.

43. The Defendants have threatened irreparable harm to Plaintiff by wrongfully using the above-mentioned property and rights in providing communications services to customers.

44. The Ericsson Defendants have infringed, and are still infringing, upon Plaintiff's IVR patent by making, using, offering for sale, or selling certain products and/or services, including the IVR.

45. Furthermore, the Ericsson Defendants have violated the agreements between the parties by disclosing Plaintiff's IP System Requirements and other intellectual property to Defendant Hughes Network, InterVoice, Comverse, and others which use such information along with Cingular in providing services to Cingular's customers.

46. The Defendants have engaged in these activities within this district and elsewhere within the United States, without the consent of Plaintiff, and will continue to do so unless enjoined by this Court.

47. Plaintiff has and will continue to be damaged and injured by the Defendants' conduct by loss of profits it would have earned from continuing to jointly market its IP System to Cingular and other wireless providers in excess of the amount of $37.095 million. Furthermore,

Plaintiff lost business value that it would have attained under the same circumstances in excess of the amount of $31 million.

48. Plaintiff has no adequate remedy at law for the injuries described. The injuries and losses are continuing.

49. For the reasons stated in this Complaint, Plaintiff requests that, after trial, this Court permanently enjoin the Defendants, restraining the Defendants, their agents, servants, and employees from making, using, offering for sale, or selling Plaintiff's IVR, the IP System Requirements, and all related technologies, software and hardware.

50. In order to preserve the status quo and the property and rights of Plaintiff during the pendency of this action, the Defendants should be cited to appear and show cause why they should not be temporarily restrained, during the pendency of this action, from using Plaintiff's IVR, the IP System Requirements, and all related technologies, software and hardware.

**Demand for Relief**

WHEREFORE, Plaintiff asks this Court to:

a. enter judgment for Plaintiff on this Complaint;

b. enter a preliminary and permanent injunction to enjoin the Defendants, their officers, agents, servants, employees, and those in privity with or acting in concert with Defendants from further use of and infringement of the Plaintiff's IVR patent and intellectual property;

c. enter a preliminary and permanent injunction to enjoin the Defendants, their officers, agents, servants, employees, and those in privity with or acting in concert with Defendants from further disclosure or use of Plaintiff's IP System Requirements, and all related technologies, software and hardware;

d. award Plaintiff damages against Ericsson Inc. and Ericsson Radio Systems AB, jointly and/or severally, adequate to compensate Plaintiff for such acts of infringement and to increase the damages to three times the amount found or assessed in accordance with 35 U.S.C. §284;

e. award Plaintiff damages against Ericsson Inc. and Ericsson Radio Systems AB, jointly and/or severally, adequate to compensate Plaintiff for such acts of wrongful use and disclosure of intellectual property rights and patents;

f. award Plaintiff damages against Ericsson Inc. and Ericsson Radio Systems AB, jointly and/or severally adequate, to compensate Plaintiff for breach of contract;

g. award Plaintiff damages against Ericsson Inc. adequate to compensate Plaintiff for tortious interference with a business relationship;

h. award Plaintiff its reasonable attorneys' fees in accordance with 35 U.S.C. §285 and any other applicable law;

i. award Plaintiff interest and costs; and

j. award Plaintiff such other and further relief as is just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

NACOL, WORTHAM AND ASSOCIATES, P.C.

By: ______________________________

Mark A. Nacol, Lead Attorney
State Bar No. 14775100
Michael P. Wortham
State Bar No. 22009000
990 South Sherman Street
Richardson, Texas 75081
(972) 690-3333 - Telephone
(972) 690-9901 - Telecopier
mnacol@nacol-wortham.com

PLAINTIFF WIRENIX, INC.

**VERIFICATION**

STATE OF TEXAS )
)
COUNTY OF DALLAS )

Before me, the undersigned Notary Public, on this day personally appeared Victor James, who, after being first duly sworn, stated under oath that he is the CEO for the Plaintiff in the action; that he has read the above complaint; and that every factual statement contained therein is within his knowledge and true and correct.

V. James

Victor James, CEO

Subscribed and sworn to before me, a Notary Public, on this the 9th day of March 2006, to certify which witness my hand and official seal.

L. SHAVON ELDRIDGE
MY COMMISSION EXPIRES
July 19, 2009

L Shavon Eldridge

Notary Public in and for the State of Texas

My commission expires: 7-19-09

N:\se\Wirenix(237-05)\ericsson\Pleadings\Complaint.wpd